LINA STILLMAN, ESQ
TONEILLE RAGLAN, ESQ
42 Broadway, 12th Floor
New York, New York 10004
212-203-2417
https://www.fightforyourrights.lawyer/

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

CLAUDIA VICTORIANO and HUGO CANDIA      **UNDER 29 U.S.C.§ 216(b)**

                   *Plaintiff,*                          **COMPLAINT**

  -against-

YONISKI AMSTERDAM LLC (DBA HOLY
SCHNITZEL) and HISKI MIEROV

                   *Defendants.*
-----------------------------------------------------------------X

Plaintiff CLAUDIA VICTORIANO, HUGO CANDIA individually by and through their

attorneys, Stillman Legal P.C., allege upon their knowledge and belief, and as against YONISKI

AMSTERDAM LLC, (together, hereinafter "HOLY SCHNITZEL" Or "Defendant

Corporation") HISKI MIEROV (each an "Individual Defendant") collectively with Defendant

Corporations, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1) Plaintiffs were employees of Defendants YONISKI AMSTERDAM LLC., (d/b/a HOLY

SCHNITZEL) and HISKI MIEROV.

2) Defendants own, operate or control a franchise restaurant located in 654 Amsterdam Ave

New York NY 10018 under the name "HOLY SCHINITZEL".

3) Upon information and belief, Individual Defendants HISKI MIEROV serve or served as owner, manager, principal, or agent of Defendants HOLY SCHNITZEL, and through the corporate entity operates or operated the franchise restaurant as a joint or unified enterprise.

4) Both plaintiffs were employees of the Defendants. They were primarily employed as Clerks (food preparation, delivery, stock, dishwashers) at their restaurant on the upper west side.

5) Plaintiffs worked for Defendants from March 2019 until May 5, 2022. However, from 2019 until on or about March 2020. they worked in excess of (65) sixty-five hours per week, and after March 2020, they worked about (50) fifty hours per week without appropriate compensation for the hours over 40.

6) Plaintiffs now bring this action on behalf of themselves for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C.§ 201 *et seq*.("FLSA"), and for violations of the N.Y. Lab.Law §§ 190 *et seq*.and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y.COMP.CODES R.& REGS. tit.12, § 142-2.4 (2006) including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7) This Court has subject matter jurisdiction pursuant to 29 U.S.C.§ 216(b) (FLSA), 28 U.S.C.§ 1337 (interstate commerce) and 28 U.S.C.§ 1331 (federal question). Supplemental jurisdiction over Plaintiff ' state law claims is conferred by 28 U.S.C.§ 1367(a).

8) Venue is proper in this District under 28 U.S.C.§ 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

9) Defendants maintain their company headquarters and offices within this district, and

Defendants operate a restaurant located in this district. Further, Plaintiffs were employed by Defendants in this District.

## **PARTIES**
*Plaintiff*

10) Plaintiff CLAUDIA VICTORIANO was employed by the Defendants from approximately March 2019 until May 5, 2022, in one of the restaurants owned by Defendants located at 654 Amsterdam Ave New York, NY 10025.

11) Plaintiff HUGO CANDIA was employed by the Defendants from approximately or March 2019 until May 5, 2022, in one of the restaurants located at 654 Amsterdam Ave New York, NY 10025.

*Defendants*

12) Defendants own, operate HOLY SCHNITZEL, located at 654 Amsterdam Ave New York, NY 10025 all times relevant to this complaint.

13) Upon information and belief, YONISKI AMSTERDAM LLC is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal places of business at p7222 Main St, Queens, NY 11367 and 654 Amsterdam Ave New York NY 10025.

14) Upon information and belief, Defendant HISKI MIEROV is an individual engaging (or who was engaged) in business with this district during the relevant time. Defendant is sued individually in his capacity as an owner, officer and/or agent of the Defendant Corporations. Defendant HISKI MIEROV possess or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant HISKI MIEROV determined the wages and

compensation of the employees of Defendants, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

15) Defendants operate a managing buildings business establishment in the Southern District of New York.

16) Individual HISKI MIEROV possess or possessed operational control over Defendant Corporation, possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

17) Upon information and belief, Defendants HISKI MIEROV serve or served as the owners of Defendant Corporation.

18) Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

19) Defendants possess or possessed substantial control over the Plaintiff (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of the Plaintiff, and all similarly situated individuals, referred to herein.

20) Defendants jointly employed the Plaintiff, and all similarly situated individuals, and are Plaintiff (and all similarly situated individuals') employers within the meaning of 29 U.S.C.201 *et seq.*and the New York Labor Law.

21) In the alternative, the Defendants constitute a single employer of the Plaintiff and/or

similarly situated individuals.

22) At all relevant times, Defendants were the Plaintiff employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of their employment and determine the rate and method of any compensation in exchange for Plaintiff's services.

*Plaintiff CLAUDIA VICTORIANO*

25) Plaintiff VICTORIANO worked for Defendants from approximately March 2019 until May 5, 2022. Plaintiff VICTORIANO worked above 40 hours per week at all times relevant to this complaint.

26) Plaintiff VICTORIANO's duties included food preparation, dishwashing, and delivery for approximately (65-67) hours per week. VICTORIANO's schedule was from 10:00 A.M until 11:00 P.M or 12 P.M (6) days per week. She was responsible for opening HOLY SCHNITZEL at the Amsterdam location along with Plaintiff CANDIO.

27) Plaintiff VICTORIANO was paid $700 dollars in cash at the beginning of her employment with Defendants. After two (2) months, the Defendants paid her $200 in check and $500 in cash. Defendants then increased her salary to $800 per week in 2020 for the same number of hours.

28) Plaintiff VICTORIANO's work duties required neither discretion nor independent judgment.

29) Plaintiff VICTORIANO worked in excess of 40 hours per week without appropriate overtime compensation.

30) Defendants did not provide Plaintiff VICTORIANO with any document or other statement accounting for her <u>actual hours worked</u> or setting forth the rate of pay for all of her hours.

32) No notification, either in the form of posted notices or other means, was ever given to Plaintiff VICTORIANO regarding overtime and wages as required under the FLSA and NYLL.

33) Defendants did not provide Plaintiff VICTORIANO with each payment of wages an An accurate statement of wages, as required by NYLL 195(3).

34) Defendants never provided Plaintiff with written notice of her rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

*Plaintiff HUGO CANDIA*

35) Plaintiff CANDIA worked for Defendants from approximately March 2019 until May 5, 2022.

36) Plaintiff CANDIA's duties included preparing, dishwasher and delivering for approximately (65-67) hours per week.

37) At the beginning of his employment, Plaintiff CANDIA was paid $700 dollars by check. It was raised to $800 per week or 2020 and raised again in 2021 to $950 per week.

38) Plaintiff CANDIA's work duties required neither discretion nor independent judgment.

39) Plaintiff CANDIA worked in excess of 40 hours per week without appropriate overtime compensation at all times relevant to this complaint.

40) From March 2019 until May 5, 2022, Defendants did not provide Plaintiff CANDIA with any document or other statement accounting for his <u>actual hours worked</u> or setting forth the rate of pay for all of his hours.

41) No notification, either in the form of posted notices, or other means, was ever given to Plaintiff CANDIA regarding overtime and wages as required under the FLSA and NYLL.

42) Defendants did not provide Plaintiff CANDIA with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

43) Defendants never provided Plaintiff with a written notice of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

44) Defendants' pay practices resulted in Plaintiffs not receiving payments for all their hours worked, resulting in Plaintiff effective rate of pay falling below the required minimum and overtime wage rate.

45) Plaintiff has been victim of Defendants' common policy and practices violating their rights under the FLSA and New York Labor Law by not paying them the wages they were owed for the hours they had worked.

    a. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

    b. Defendants failed to provide Plaintiff with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants'

      violations of the wage and hour laws, and to take advantage of Plaintiff relative lack of sophistication in wage and hour laws.

c. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

d. Upon information and belief, this was done to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiff properly for (i) their full hours worked, (ii) for overtime due, and (iii) for spread of hours pay.

e. Defendants did not provide Plaintiffs with any document or other statement accurately accounting for their actual hours worked and setting forth rate of minimum wage and overtime wage.

f. Defendants did not provide Plaintiff with any break periods.

## FIRST CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

46) Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

47) Defendants, in violation of the FLSA, failed to pay Plaintiff's overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

48) Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C.§ 255(a)

49) Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the New York Labor Law)

50) Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

51) Defendants, in violation of the NYLL § 190 *et seq*.and associated rules and regulations, failed to pay Plaintiff's overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

52) Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y.Lab.Law § 663.

53) Plaintiffs have been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
**New York Labor Law – Failure to Provide Notice at Time of Hiring**

54) Plaintiffs realleges and incorporates by reference all allegations in all preceding paragraphs.

55) Defendants failed to provide Plaintiffs at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

56) Due to Defendants' violations of the NYLL § 195(1), Plaintiffs are entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

### FOURTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Statements**

57) Plaintiffs realleges and incorporates by reference all allegations in all preceding paragraphs.

58) Defendants have failed to provide Plaintiffs with complete and accurate wage statements throughout their employment listing, *inter alia*, all their regular and overtime hours of work, their rate of pay, and the basis of pay, in violation of NYLL § 195(3).

59) Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

    b. Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs;

    a. Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

    b. Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiffs;

    c. Awarding Plaintiffs damages for unpaid minimum and overtime wages, and damages

    d. Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

  e. Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under the NYLL as to Plaintiff.

  f. Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

  g. Awarding Plaintiff's damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

  h. Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

  i. Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

  j. Awarding Plaintiffs the expenses incurred in this action, including costs and attorney's fees; and

  k. All such other and further relief as the Court deems just and proper.

  l. An award of statutory damages for Defendants' failure to provide Plaintiffs with wage notices at the time of their respective hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

  m. An award of statutory damages for Defendants' failure to provide Plaintiffs with complete and accurate wage statements pursuant to NYLL § 198 (1-d);

  n. An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

      o.  An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

      p.  Such other relief as this Court shall deem just and proper.

Dated: New York, New York  
July 21, 2022

                           STILLMAN LEGAL PC

                By:   /s/Lina Stillman  
                        Stillman Legal, PC  
                        42 Broadway, 12th Floor  
                        New York, New York 10004  
                        Telephone: (212) 203-2417  
                        *Attorneys for Plaintiffs*  
                         *Victoriano and Candia*